

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10451 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-0200 EJG |
| v. | |
| ANDRES URQUIDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Edward J. Garcia, District Judge, Presiding

Submitted May 9, 2011[**]
San Francisco, California

Before: D.W. NELSON and W. FLETCHER, Circuit Judges, and DUFFY, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36.3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for Southern New York, New York, sitting by designation.

Appellant Andres Urquidez ("Appellant") appeals from an order of the district court sentencing Appellant to 24 months imprisonment after he pled guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). Appellant asserts that the district court committed procedural error in the imposition of his sentence and that his sentence, although 13 months less than the bottom of the Guideline Sentencing Range, is substantively unreasonable. For the following reasons, we AFFIRM the district court's judgment.

We review all sentencing decisions by a district court for abuse of discretion. Gall v. United States, 552 U.S. 38, 41 (2007). First, we ensure that the district court has not committed a "significant procedural error." Id. at 51. Next, we consider the substantive reasonableness of the sentence, where we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. The district court's application of the Sentencing Guidelines is reviewed de novo. United States v. Cruz-Gramajo, 570 F.3d 1162, 1167 (9th Cir. 2009). We review the district court's factual findings for clear error. Id.

## I.  The District Court Did Not Commit Procedural Error

Appellant asserts that the district court considered clearly erroneous facts in the imposition of his sentence, namely 1) Appellant's involvement in gangs and 2) the nature of Appellant's conduct and involvement in the WinCo incident.  Second, Appellant contends that the district court did not adequately explain how the sentence reflects all of the Section 3553(a)(2) factors.  We address each of these arguments in turn.

### A. The District Court Did Not Consider Clearly Erroneous Facts

#### 1.  Appellant's Association with Gangs

While Appellant denied he is or ever has been associated with a gang, the record establishes that Appellant was seen associating with validated gang members or associates on at least three separate occasions, as documented by law enforcement.  After reviewing the materials submitted by both parties,[1] the district judge properly exercised his discretion in weighing the evidence before him to find that "[t]he fact remains, however, he obviously runs with gang members and local

---

[1]Appellant asserts that the district court may not rely on "unsupported conclusions" or "brief and cryptic references" in finding that Appellant continually associated with gang members.  However, Appellant's own submission contains a transcript from an interview that discusses the incident where a law enforcement officer observed a picture on Appellant's cell phone with Appellant flashing a Norteño gang sign and brandishing a firearm, the factual accuracy of which was never refuted by Appellant.

law enforcement considers him at least a Norteño gang associate . . . ."  Being that it is not this Court's "duty to reweigh the evidence presented to the trial court," United States v. Spangle, 626 F.3d 488, 497 (9th Cir. 2010), we do not find the district court's factual finding so "clearly erroneous" as to constitute a procedural error.  See United States v. Ressam, 629 F.3d 793, 825 (9th Cir. 2010).

       2.     The Nature of Appellant's Conduct Underlying His Prior Conviction

Appellant contends that "[i]t is also clear that the district court's references to [Appellant's] involvement in the WinCo incident constituted a finding that he participated in a robbery."  The record from the sentencing hearing indicates that while the district court was initially mistaken, both the defense and prosecution corrected the district court, before Appellant's sentence was imposed, that Appellant's prior conviction was for Assault with a Deadly Weapon.  Further, the Pre-Sentence Report ("P.S.R."), which the district court explicitly references throughout the sentencing proceeding, explains the facts underlying Appellant's prior conviction.  However, after being apprised of the exact nature of the circumstances surrounding Appellant's prior conviction, the district court still found that "[t]he defendant pled guilty to [Assault with a Deadly Weapon] then and was so adjudicated for his part in the thefts and the felonious assault as

4

[Appellant] helped his associates escape."  Thus, the district court's factual findings of the circumstances of Appellant's prior conviction were not "illogical, implausible, or without support in the record."  Spangle, 626 F.3d at 497.[2]

B.  The District Court Adequately Explained The Section 3553(a) Factors

While Appellant claims that the district court only "cursorily invoked the 3553(a)(2) factors," "'[t]he district court need not tick off each of the § 3553(a) factors to show that it has considered them.'"  Ressam, 629 F.3d at 826 (quoting United States v. Carty, 520 F.3d 984, 992 (9th Cir. 2008) (en banc)).  While "the district court still is required to articulate the reasons for the extent of the departure in sufficiently specific language to allow appellate review," United States v. Ellsworth, 456 F.3d 1146, 1153 n.3 (9th Cir. 2006) (internal quotation marks and citations omitted), this requirement was satisfied here, as the district court noted Appellant's "chaotic upbringing and lack of youthful guidance," and expressly adopted the P.S.R.'s findings (which outline the mitigating circumstances surrounding Appellant's prior conviction) in recommending a downward variance.

---

[2] As Appellant concedes, pursuant to Custis v. United States, 511 U.S. 485 (1994), he may not collaterally attack the circumstances surrounding his prior conviction.

**II. Appellant's Lower Than Guideline Range 24 Month Sentence is Not Substantively Unreasonable**

Appellant argues that it was substantively unreasonable for the district court to sentence Johnson to 24 months' imprisonment because Appellant is "demonstrably innocent of the felony conduct in connection with the predicate offense." In addition, Appellant seems to argue that his youth and disputed gang affiliation also warrant his requested split sentence and that the lower than guideline sentence of 24 months is still "greater than necessary."

Here, after having extensively reviewed the evidence before it and listening to each party's arguments, the district court exercised its discretion in finding that the underlying predicate conviction of assault with a deadly weapon was a serious crime. Moreover, after the judge was corrected by the parties regarding the exact nature of the underlying conviction, the district court still found that Appellant pled guilty to the underlying charge and chose to surround himself with validated gang members and possess a firearm as a prohibited person. The district court further considered Appellant's age, chaotic upbringing, and the mitigating circumstances surrounding the prior conviction and granted the P.S.R.'s recommended downward departure from the Guideline range of 37 - 44 months to 24 months. The fact that the district court did not choose Appellant's sentence of choice of a split sentence

does not make his sentence substantively unreasonable. See United States v. Whitehead, 532 F.3d 991, 993 (9th Cir. 2008).

AFFIRMED.